IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-cv-0106-MJR-DGW |
| ) | |
| LORI ANN PEACOCK, ) | |
| and VILLAGE OF BLUFORD, ) | |
| ) | |
| Defendants. ) | |

**JUDGMENT AND ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

REAGAN, District Judge:

On February 6, 2009, the United States of America ("the USA") commenced the above-captioned mortgage foreclosure suit against Lori Ann Peacock and the Village of Bluford. The parcel of property in question is located in Bluford, Illinois, which lies within this Judicial District. Lori Ann Peacock and the Village of Bluford were properly served herein but failed to move, answer or otherwise plead in response to the complaint. The USA secured a Clerk's entry of default on April 17, 2009, pursuant to Federal Rule of Civil Procedure 55(a).

Now before this Court is the USA's motion for default judgment under Rule 55(b). Having carefully reviewed the record, the Court **GRANTS** the motion (Doc. 8), after FINDING as follows:

1.  This Court has jurisdiction of the parties to and subject matter of this suit. Defendants were properly served and, having failed to answer or otherwise enter any appearance herein, were properly defaulted.

2.  The USA, acting through the United States Department of Agriculture, Rural

Development (formerly Farmers Home Administration), made a loan to Lori Ann Peacock, which was secured by a mortgage dated June 24, 2005 (Exh. A to Complaint), in the total principal amount of $47,139.00. The mortgage was recorded on June 27, 2005 in Jefferson, County, Illinois as Document No. 200504686. That loan is evidenced by a promissory note dated June 24, 2005, (Exh.B). Lori Ann Peacock defaulted on the note. On June 2, 2008, the USA, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration (Exh.C).

3. The following persons may have claimed an interest in the above described property, but are foreclosed from asserting their claim, if any, because of their default in this action: Lori Ann Peacock and the Village of Bluford

4. By virtue of the mortgage and indebtedness thereby secured, the USA, has a valid and subsisting lien as follows:

> Common address: 270 East South Avenue, Bluford, Illinois 62814
>
> Lots One (1), Two (2), Three (3) and Four (4) in Block Two (2); Lot Twelve (12) in Block Two (2); and Lots Five (5), Six (6) and Seven (7) in Block One (1); all in Pepple's Third Subdivision, being a subdivision in the Southeast Quarter of Section 23, Township 2 South, Range 4 East of the Third Principal Meridian, Jefferson County, Illinois. Subject to all public and private roads and easements.
>
> Permanent Index No. 08-23-463-013
> Permanent Index No. 08-23-463-014
> Permanent Index No. 08-23-463-005
> Permanent Index No. 08-23-463-012
> Permanent Index No. 08-23-463-004

5. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the Complaint, the following amounts are due to the USA:

(a) For its own use and benefit for the costs of this suit and for:

|  |  |  |
|--|--|--|
| U.S. Attorney's docket and recording fees . . . . . | $ | 398.00 |
| Title expenses | $ | 150.00 |
| TOTAL | $ | 548.00 |

(b)      For the use and benefit of the USA, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

|  |  |
|--|--|
| Unpaid principal balance . . . . . . . . . . . . . . . . . . | $46,667.43 |
| Accrued interest at $6.9014 per day due and unpaid as of April 26, 2009 . . . . . . . . . . . . . . . . | $ 3,374.74 |
| Total amount due plaintiff as of April 26, 2009, exclusive of foreclosure costs . . . . . . . . . . . . . . | $50,042.17 |

(c)      In addition, the plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d)      Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the USA is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)      In order to protect the lien of the mortgage, it may or has become necessary for the USA to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f)      In order to protect and preserve the mortgaged real estate, it may also become necessary for the USA to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

(g)      Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.      Jefferson County, Illinois, has a valid lien on the above-described property

for tax for the year 2008. The property will be sold subject to the interest of Jefferson County, resulting from taxes, general or special, which are a valid lien against the property.

Accordingly, the Court **GRANTS** the USA's motion for default judgment (Doc. 8). **JUDGMENT IS HEREBY ENTERED** against Lori Ann Peacock for **$50,590.17**.

Unless Lori Ann Peacock and the Village of Bluford, their assigns and successors in interest to the above-described property pay to the USA, acting through the Farmers Home Administration, United States Department of Agriculture, **within three days from the date of this Judgment/Order is entered on the docket,** the sum of $50,590.17 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this Judgment/Order **SHALL BE SOLD AT PUBLIC SALE** to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Jefferson County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Jefferson County Courthouse in the City of Mt. Vernon, Illinois.

The real estate shall be sold free and clear of any claimed lien of Lori Ann Peacock and the Village of Bluford.

The United States Marshal for the Southern District of Illinois shall give public notice of the time, place and terms of sale, together with a description of the property to be sold, by previously publishing the same once each week for three consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of the sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation.

The USA or any party to this case may become the purchaser or purchasers at the

sale. Upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale, which certificate shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date 60 days after the date the judgment of foreclosure is entered since the value of the mortgaged real estate as of the date of the judgment is less than 90% of the amount due, and the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

Out of the proceeds of sale, the United States Marshal shall retain his disbursements and fees. Out of the remainder of the proceeds he shall pay to the USA $50,590.17, together with lawful interest to be computed thereon to the date of this Judgment/Order and any court costs of this action in its behalf.

The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court. If property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring such surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this Judgment/Order through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described real estate.

After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale **shall be entitled to immediate possession** of the real estate, upon payment of the sale purchase price, without notice to any party or further Order of the Court. The mortgagors shall peaceably surrender possession of the real estate to the certificate holder immediately upon expiration of the said 30-day time period. In default of mortgagor so doing, an Order of Ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (I) all claims of parties to the foreclosure and (ii)

all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies arising from the sale are insufficient to pay sums due to the USA with interest as aforesaid after deducting the costs, the United States Marshal shall specify the amount of said deficiency in his report.

The Court **RETAINS JURISDICTION** of the subject matter and the parties thereto for the purpose of enforcing this Judgment/Order, and the United States Marshal shall report his actions to this Court at the earliest possible time.

IT IS SO ORDERED.

DATED this 28th day of May 2009.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
